

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00533-CR

PABLO REYNA, JR.                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1301204D

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant Pablo Reyna, Jr. appeals the denial of his motion to suppress, which resulted in his conviction for possession of a controlled substance under one gram (cocaine), arguing that a Haltom City police

---

[1]*See* Tex. R. App. P. 47.4.

officer did not have jurisdiction to detain him for conduct that occurred entirely in the City of Fort Worth.[2] We affirm.

In October 2012, at approximately 3:30 a.m., Haltom Police Officer Matt Spillane was leaving the QuikTrip at the intersection of Northeast 28th Street and North Beach Street when he saw Reyna's SUV parked in front of the gate of a closed mechanic shop, blocking the private drive. The business's gate was partially open, and the "driver's side rear tire [of the vehicle] was slightly in the roadway, maybe an inch or two."

Officer Spillane testified that Fort Worth and Haltom City split the jurisdiction of this area; everything north of 28th St. and west of Beach St. belongs to Fort Worth, and everything south of 28th St. and east of Beach St. belongs to Haltom City. However, the entire area is located in Tarrant County. Reyna's vehicle was located on Fort Worth's side of 28th St. The officer stated that the area was mostly commercial and that this particular area, both on the Haltom City side and the Fort Worth side, had been having problems with burglaries, especially around that particular time of the morning.

As Officer Spillane approached the SUV, it began to move slightly forward. Officer Spillane then activated his overhead lights and exited his vehicle. As he approached the SUV, it "rammed" through the partially open gate. Officer

---

[2]Reyna does not challenge the detention's reasonableness and limits his appeal to the question of whether the officer had the authority to detain him.

Spillane testified that Reyna's detention began the moment Officer Spillane activated his lights.

Code of criminal procedure article 14.03(g)(2) states,

A peace officer listed in Subdivision (3), Article 2.12, who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, except that *an officer described in this subdivision who is outside of that officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the offense is committed in the county or counties in which the municipality employing the peace officer is located.*

Tex. Code Crim. Proc. Ann. art. 14.03(g)(2) (West 2005 & Supp. 2014) (emphasis added).

Officer Spillane testified that he was a licensed peace officer working for Haltom City, Texas. Accordingly, he was a police officer under subdivision (3), article 2.12 of the code of criminal procedure and was licensed under chapter 1701 of the Texas Occupation Code. *See id.* art. 2.12(3) (West 2005 & Supp. 2014); Tex. Occ. Code Ann. § 1701.001 (West 2012 & Supp. 2014). He further testified that both Haltom and Fort Worth are within Tarrant County. He also testified that Reyna's vehicle was completely blocking a private driveway, which provided him with probable cause to believe that Reyna had violated transportation code section 545.302. *See* Tex. Transp. Code Ann. § 545.302(b)(1) (West 2011) (stating that an individual may not stand or park an occupied vehicle in front of a public or private driveway). Therefore, despite the fact that Officer Spillane was outside of his city's jurisdiction, because the offense

3

was committed in the county where he was employed and witnessed the traffic violation, it was within his authority to detain Reyna. *See State v. Kurtz*, 152 S.W.3d 72, 79 (Tex. Crim. App. 2004) (stating that "arrest," as used in code of criminal procedure article 14.03(g), is not limited to custodial arrest and includes temporary detention); *see also Brother v. State*, 85 S.W.3d 377, 384–85 (Tex. App.—Fort Worth 2002) (stating that a city officer's geographical jurisdiction is county-wide), *aff'd*, 166 S.W.3d 255 (Tex. Crim. App. 2005); *Thomas v. State*, 336 S.W.3d 703, 709 (Tex. App.—Houston [1st Dist.] 2010, pet ref'd) (holding that an officer with reasonable suspicion of transportation code violations, outside of his jurisdiction but still within the county, has authority to make a *Terry* stop under article 14.03(g)(2)). Therefore, we overrule Reyna's sole issue and affirm the trial court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  DAUPHINOT, GARDNER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 4, 2014